| 93 | 393 |
| 115 | 704 |
| 93 | 393 |
| 130 | 197 |
| 136 | 154 |

CASE 70—INFORMATION—OCTOBER 20.

# Driscoll v. Commonwealth; Commonwealth v. Rice.

### APPEALS FROM LOUISVILLE CITY COURT.

1. CONSTITUTIONAL LAW—POWER TO REGULATE PRACTICE OF MEDICINE.—The Legislature may enact laws requiring persons who undertake to practice a profession to give evidence of their qualifications and skill by the exhibition of a license from those who in the legislative judgment are competent to determine whether or not the applicant has the necessary qualification to practice the particular profession. Therefore, the statute of this State, which provides that it shall be unlawful for any person to practice medicine in the State who has not a diploma from a medical school legally chartered under the laws of this State, or a diploma from a reputable and legally chartered medical school of some other State or country, indorsed as such by the State Board of Health,

or who has not registered such diploma in the county court, is not unconstitutional, the conditions being reasonable.

2. CONSTRUCTION OF STATUTE—RETROSPECTIVE LEGISLATION.—An amendment to the statute requiring the diploma of the physician, where it is from a medical school of another State, to be indorsed by the State Board of Health can not be regarded as applying to persons who, prior to the amendment, had complied with the provisions of the statute as it then existed, which required only an indorsement by the faculty of a medical school or a State Medical Society.

3. AUTHORITY TO PRACTICE MEDICINE WITHOUT DIPLOMA.—It is only persons who had practiced medicine for ten years prior to the Act of 1874 that are authorized to practice without a diploma. One who has been practicing medicine in violation of the provisions of the statute can not claim that he has become qualified by the mere lapse of time.

4. THE SAME TECHNICAL STRICTNESS IS NOT REQUIRED IN A PROCEED-ING BY INFORMATION THAT IS REQUIRED IN AN INDICTMENT; but in any event, as the information in this case distinctly alleges the failure to register, it is sufficient.

KINNEY & KINNEY, ALBERT A. STOLL FOR APPELLANT DRISCOLL.

1. The demurrer to the warrant should have been sustained because the affidavit stated mere conclusions and not facts.

2. The statute does not impose a penalty for illegally registering, but for a failure to register, and therefore a mere error in the registration does not warrant a fine.

3. The admission of the Commonwealth that the appellant is a graduate of the Starling Medical College, and that the Starling Medical College is a reputable school of medicine, is fatal to the Commonwealth's cause.

4. The act under which this proceeding was had is in violation of the fundamental law.

R. C. DAVIS FOR APPELLEE RICE.

1. Appellee having a diploma from a chartered school of medicine in another State was entitled to practice under the Act of 1874, and was also entitled to register at the time he did in April, 1889, the provision of the amendment of April 25, 1888, requiring the diploma to be indorsed by the faculty of a legally chartered medical school in this State being unreasonable and void.

The right to practice one's profession or vocation is a property right of which he can not be arbitrarily deprived. (Cons. of Ky. (1849), art. 13, sec. 2; Cummins v. State of Missouri, 4 Wall., 277; Ex parte Garland, 4 Wall., 333; Dent v. West Va., 129 U. S., 114; Yick Wo v. Hopkins, 118 U. S., 356; Baltimore v. Radecke, 49 Md., 217.)

Upon the refusal of the faculty of a chartered medical school to indorse a diploma, mandamus does not lie to compel them to do so, they

Driscoll v. Commonwealth; Commonwealth v. Rice.

not being executive or ministerial officers. (Civil Code, sec. 477; Lowe v. Phelps, 14 Bush, 642; Merrill on Mandamus, sec. 23.) And for that reason the provision of the statute requiring such indorsement was unreasonable and arbitrary.

2. Appellee's registration being valid at the time it was made was not invalidated by the amendment of 1890 requiring diplomas to be indorsed by the State Board of Health, that amendment not being retrospective in its operation.

3. Even though appellee had no right to register by virtue of his diploma, he was entitled to register by reason of. the fact that he had practiced medicine under his diploma for ten years prior to April, 1889, when the act of 1888 went into operation.

That act should not be construed as retroactive in its operation, especially when to so construe it would prejudicially affect vested rights. (Endlich on Interpretation of Statutes, sec. 273 ; People v. Spicer, 99 N. Y., 225; Cooley's Cons. Limit., 77, 455; O'Donoghue v. Aiken, 2 Duv., 478; Head v. Ward, 1 J. J. Mar.)

W. J. HENDRICK, Attorney-General, and EDWARD W. HINES
 for Commonwealth.

1. The registration required by the amendments of 1888 and 1890 to the Act of February 23, 1874, is a prerequisite to the right to practice medicine in this State.

2. It is competent for the Legislature to prescribe conditions on which any one shall follow a dangerous trade or calling requiring skill and learning for its proper practice. (Dent v. State, 129 U. S., 114; Williams v. People, 121 Ill., 84; Eastman v. State, 109 Ind., 278.)

3. Ten years' practice does not entitle a physician to register unless it was prior to the Act of 1874.

KOHN, BAIRD & SPECKERT on same side.
 Brief not in record.

JUDGE PRYOR delivered the opinion of the court.

These two cases, involving the same question, will be considered together.

An act of the Legislature was passed on the 23d of February in the year 1874 for the purpose of preventing incompetent physicians and surgeons from practicing their profession within the State, the act reciting *that it is of the greatest importance that none but persons with competent qualifications should be allowed to practice a pro-*

*fession to whose skill and ability the life of the citizen is intrusted,* etc.

This enactment has been amended from time to time, and by the act of April 25, 1888, it is provided that there shall be a registration of all physicians in the county court of each county (that is, where they reside); and by section 2, " that on and after the first day of April, 1889, it shall be unlawful for any person to practice medicine, in any of its departments within the limits of this State, who has not exhibited and registered in the county clerk's office of the county where he is practicing, or intends to commence the practice of, medicine, his authority for so practicing medicine as prescribed in this act; the name and location of the college issuing the same, if it be a diploma, the date of the same, together with his age, residence, place of birth and the school or system of medicine to which he proposes to belong;" and by section 3 it is provided that authority to practice medicine under this act shall be "a diploma from a medical school legally chartered under the laws of this State; a diploma from a reputable and legally chartered medical school of some other State or country, (certified and indorsed as such by the faculty of a legally chartered medical school in this State, or State medical society). An affidavit from the person claiming the same, that such person is exempted from obtaining a diploma under section 2 of the act to which this is an amendment." Sections 2 and 3 of the original act permitted one to practice who had been a practicing physician for ten years, or who had been examined by the medical board and found qualified. Under the act of April, 1888, a diploma was required from a medical

school of this State, or from one chartered out of the State and indorsed as such by a medical school or State medical society of this State. This requisite does not apply, however, to physicians who had practiced ten years within this State prior to the passage of the original act of 1874. The act of April 25, 1888, was again amended on the 24th of May, 1890, dispensing with the indorsement of a medical school or medical society where the diploma was obtained out of the State, and requiring the indorsement to be made by the *State Board of Health*.

This last amendment does not apply to cases where physicians have prior thereto, by complying with the previous enactments on the subject, entered upon the practice of their profession, and affects only those who have failed to comply with the provisions of the former statute, or who, since the passage of the act of 1890, have commenced the practice without complying with its provisions. If Driscoll, who seems to have been practicing his profession before the act of 1890 was passed, had complied with the law in existence prior to that time, his right to practice could not be questioned. The act of 25th of April, 1890, is not retroactive, nor should such a construction be given it.

He produces a diploma from the Starling Medical College, located in the State of Ohio. It is agreed that it is a chartered institution and a reputable college. In the month of March, 1889, he registered in the Jefferson county clerk's office by presenting his diploma, with the indorsement of one Kalfus who was the secretary of the Board of Regents, Kentucky School of Medicine. Kalfus had no authority to indorse diplomas, nor was he a mem-

ber of the faculty of the Kentucky school; still, on his statement that he had the authority to make the indorsement, the appellant Driscoll registered. In April, 1889, he also sent his diploma to Dr. McCormack, at Bowling Green, for indorsement, and it was returned without explanation. The appellant seems to have made an effort at least to comply with the law, but failed to have the indorsement as required prior to the act of the 25th of April, 1890, and it is not pretended that he has the indorsement required by the provisions of that act.

It does not appear what system of medicine was taught in the medical school in which the appellant Driscoll graduated, and that is immaterial, as the statute expressly provides "that nothing in this act shall be so construed as to discriminate against any peculiar system or school of medicine, or to prohibit women from practicing midwifery, or to prohibit gratuitous services in case of emergency etc." So a diploma from a reputable college, in which there may be taught a new system of practice, or in which there may be a departure from the old system, affords no reason for withholding an indorsement by the Board of Health, and there being no discrimination in this regard we perceive no constitutional objection to any of the provisions of the act, unless they are so unreasonable as to preclude those qualified from practicing their profession.

We see no reason for denying the right of the Legislature to enact laws for the protection of the people, by requiring those who undertake to practice a profession to give evidence of their qualifications and skill by the exhibition of a license from those who, in the legislative judgment, are competent to determine whether or

not the applicant has the necessary qualifications to prac-
tice the particular profession.   The citizen, of necessity,
when diseased must employ the physician, and the
lawyer when his right of person or property has been
violated.   The entire public is interested in knowing, or
in having the means of ascertaining, whether the physi-
cian he desires to employ has a sufficient knowledge of
medicine to enable him to practice his profession ; and for
the welfare and safety of the citizens the Legislature may
say that you shall not practice medicine unless you have
the indorsement of a Board, skilled in the profession.
The patients of the physician must rely on his knowledge
of medicine and the mode of administering it; and the
entire public, being interested in having physicians
learned in the profession, it is competent for the Legisla-
ture to prescribe the mode of determining the qualifica-
tions of those who propose to embark in the practice.
The constitutional question has been raised and decided
by many courts, all holding that, when the conditions
imposed upon the profession by the law-making power
before one can enter upon the practice are reasonable, they
must be complied with or the penalty imposed will be
enforced.   The Supreme Court, in the case of Dent v.
West Virginia, reported in 129 U. S., 114, has determined
the constitutionality of such laws in a case where the
statute of West Virginia was very much like that of
this State.   The right of a State to enact such laws
proceeds from the inherent power to prescribe such rules
as will protect the health and safety of the people.
State v. Gregory, 83 Mo., 123; s. c., 53 Am. Rep., 565;
State v. State Medical Ex. Board, 32 Minn., 324; s. c., 50

Am. Rep., 575; Case of Bauer, 4 Atl. Rep., 913; Harding v. People, 15 Pac. Rep., 727.

The judgment as to Driscoll is affirmed; this court further holding that the information filed with the warrant, and upon which that writ issued from the city court, gave to the appellant sufficient notice of the charge made against him.

In the case of the appellee Rice, unless he had been a practitioner ten years before the passage of act of 1874, it was his duty to comply with the provisions of that act. The information on which the warrant was issued, and that must be regarded as the complaint, states that the appellee registered by stating that he had been a practioner for twelve years prior to the year 1889, when the act required that he should have practiced ten years prior to the passage of the law of 1874. If, therefore, Rice had not practiced medicine ten years prior to the act of 1874 he has been violating its provisions since if he has continued to practice. It is an unreasonable construction to hold that one can become qualified to practice by the mere lapse of time after the law has been enacted, when he is violating its letter and spirit every day that he fails to comply with its provisions. We think on demurrer that the information is sufficient, and the same technical rule should not be applied in such a proceeding as in an indictment; but if it is to be so held, the failure to register as required by the statute is distinctly alleged in the information. As to Rice, the judgment is reversed, and remanded for proceedings consistent with this opinion.