CASE 30—ACTION BY C. L. SMITH AGAINST THE KENTUCKY STATE BOARD OF DENTAL EXAMINERS FOR A MANDAMUS.—APRIL 29.

# Smith v. State Board of Dental Examiners.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

DENTISTS—CERTIFICATE TO PRACTICE—DISCRETION OF BOARD OF EXAMINERS—EVIDENCE OF GENUINENESS OF DIPLOMA AND OF AUTHORITY TO ISSUE.

Held: 1. Under the various acts defining the powers and duties of the State Dental Association, the board of dental examiners is not vested with discretion to refuse a certificate to an applicant who presents a diploma from a dental college authorized by law to issue same; but the board may refuse a certificate in the absence of proof that the diploma is genuine, or was issued by a dental college authorized by law to do so.

2. A mandamus to compel the State board of dental examiners to issue plaintiff a certificate was properly refused where the paper filed with plaintiff's petition, purporting to be a diploma, was not signed by any one, or attested by the seal of the university in another State by which it purported to be issued, and there was no evidence that plaintiff was a graduate of the university or had received a diploma, and the alleged charter of the university filed with the petition was not authenticated as required by law to make it evidence.

ALBERT S. WHITE AND J. ALEX. CHILDS, FOR APPELLANT.

BRECKINRIDGE & SHELBY, OF COUNSEL.

The appellant came to this State bringing with him, after spending four years of private study under two of the best dentists of Jacksonville, Florida, his diploma from the "Faculty of a Duly Incorporated Dental College" of the State of Illinois, evidencing his graduation therefrom, and his proficiency in his chosen profession of dentistry, and filed his diploma with the Kentucky Board of Dental Examiners, at Louisville, Ky., accompanying the same with the five dollar fee as required by law, and requested the certificate to be issued to him to practice his said profession; but said board which had only a ministerial duty, to perform under the law, arbitrarily and illegally

Smith v. State Board of Dental Examiners.

declined and refused to issue to him the said certificate on the ground that the board does not know whether or not the said dental college of which appellant is a graduate met its idea of what a dental college ought to be, or in the language of the court in the White Case, "rejected his application upon the ground that he was not a graduate of a dental college within the meaning of the law as construed by it."

The lower court having refused the appellant's application for a mandamus he now asks this court for a reversal of said judgment.

### AUTHORITIES CITED.

State Board of Pharmacy v. Bessie White, 84 Ky., 626; Con. of Ky. v. Busham, 101 Ky., 170; Civil Code, sec. 477; Con. of Ky., sec. 51; Lowe v. Phelps, 14 Bush, 642; Dickens v. Cave Hill Cemetery Co., 93 Ky., 385; 3 Metc., 494; Cassidy Auditor's Agent v. Young, 93 Ky., 227.

RICHARDS & RONALD, ATTORNEYS FOR APPELLEE.

This action was instituted in the common pleas division of the Jefferson circuit court against the appellees to compel them to grant him a certificate to practice dentistry in this State. The action was submitted to the court on the pleading and exhibits and the motion of appellant for a writ of mandamus was refused.

The petition alleges that the plaintiff graduated from the dental department of the Western University which he alleges was duly incorporated under the laws of the State of Illinois, that said university issued to him a diploma an alleged copy of which he filed with his petition. The answer of the defendants puts the plaintiff on proof as to the incorporation of said university and as to the fact, whether it was authorized, by the laws of the State of Illinois, to issue diplomas to students of dentistry and dental surgery, and as to whether said university did in fact issue a diploma to plaintiff, and as to whether plaintiff did attend said college and graduate therefrom. They plead, affirmatively that under the law regulating the practice of dentistry in Kentucky, they have a discretionary power as to granting certificates to applicants upon the presentation of a diploma, and that the board, after due deliberation and upon evidence satisfactory to said board, decided against the validity of the diploma presented by plaintiff, and declined to issue him a certificate. Defendants further plead that they were ready and willing at all times to examine plaintiff as to his qualifi-

cations to practice dentistry and to grant him a certificate if they should find him properly qualified.

1. We submit that under the Kentucky Statutes this board has a discretion in awarding certificates to applicants to practice dentistry and the board having acted in this case, mandamus will not lie.

2. The statement filed by appellant is defective and for that reason should be dismissed.

3. There is no final order in the record from which an appeal lies.

4. Even if this court should be of the opinion that the board was compelled to issue a certificate upon the presentation of a diploma, and had no discretion in the matter, yet, under the record in this case it would be necessary to deny the application of the plaintiff for a mandamus.

5. We think clearly that it was the intention of the Legislature by the enactment of the dental laws of this State, to elevate the professional standard required for the practice of dentistry in this State, for the benefit of the general public, and were intended to vest in the State Board of Dental Examiners, a discretion as to what persons were or were not entitled to practice dentistry in this State. If they have such discretion clearly their judgment can not be controlled by mandamus. If they had refused to act or had acted fraudulently, mandamus might lie, but under the facts disclosed in this record it is not the proper remedy.

### AUTHORITIES CITED.

Act Feby. 1, 1886; Act April 8, 1878; Act May 10, 1886; Act May 1, 1893; Com. v. Basham, 101 Ky., 170; Black on Interpretation, sec. 49; Iowa Electic Association v. Shrader, 20 L. R. A., 355; State Board of Pharmacy v. White, 84 Ky., 626; 92 Ky., 227; 93 Ky., 249; 93 Ky., 385; 18 B. Mon., 17; Dulany v. Murphy, 12 R., 688.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

In this action, appellant, who was plaintiff in the court below, asked that a writ of mandamus should issue, requiring the defendants to issue to him a certificate authorizing him to practice dentistry and dental surgery in this State. The petition alleged that on the 12th of April, 1899, he made an application to the defendants to obtain a certificate authorizing him to practice dentistry and dental surgery in this

State; that with his application he filed a diploma from the faculty of the dental college of the Western University, located at Chicago, Ill., which had been issued to him upon the completion of the course of study in the institution; that the Western University was duly incorporated under the laws of the State of Illinois, and authorized by its articles of incorporation to issue diplomas; that defendants had refused to issue such certificate. The answer of the defendants puts the plaintiff on proof as to the alleged incorporation of the Western University, as to whether it was authorized by the laws of the State of Illinois to issue diplomas to students of dentistry and dental surgery, and as to whether it in fact issued a diploma to plaintiff. In the second paragraph of their answer they say that, under the law regulating the practice of dentistry and dental surgery in the State of Kentucky, they have the right to determine whether the diploma presented by the plaintiff was of such a character as to entitle him to a certificate, and that, having acted upon his application, their action is not subject to review by the courts. And they affirmatively plead that the so-called Western University of Chicago, Ill., is not a *bona fide* educational institution, and that its requirements are not such as to qualify students who have completed the course prescribed by the institution to engage in the practice of dentistry. Plaintiff, in his reply, denied that the defendants were invested by law with discretionary power to determine whether applicants had complied with the requirements of the act, and entitled to a certificate to engage in dentistry, or that they had the right or power to pass upon the character of the institution issuing the diploma relied on. He also denied the averments as to the character of the Western University, and filed what purports to be a copy

of its charter. The issues thus presented were submitted
to the court, and the relief sought was denied.

There are three acts of the Legislature defining the pow-
ers and duties of the Kentucky State Dental Association.
They were passed in April, 1878, May, 1886, and May, 1893,
respectively. And they all substantially require of an ap-
plicant to practice dentistry in this State that he must either
stand a satisfactory examination before the board of examin-
ers of the Kentucky State Dental Association, or file with
them a diploma from the faculty of a dental college duly
authorized by the laws of this State, or some other of the
United States, or a foreign country. There is nothing in
either of the acts relied on which vests the board of examin-
ers of the Kentucky State Dental Association with discre-
tion to refuse a certificate to an applicant who presents a
diploma from a dental college authorized by law to issue
same. The diploma is made by the statute conclusive evi-
dence of the qualifications of the applicant, and nothing re-
mains for the board of examiners, upon the filing of a gen-
uine diploma from a college authorized to issue same, or an
authenticated copy of same, but to issue to such person the
certificate required by the statute. They have, however,
the right to ascertain whether the diploma is genuine, and
whether it was issued by a dental college authorized by law
to do so to the applicant. There is no competent evidence
in the record that the Western University was authorized
by the laws of Illinois to issue diplomas to dental students.
The alleged charter of the university, filed with the petition,
is not authenticated as required by law to make it evidence.
Nor is there any proof that appellant was a graduate of the
University, or that he received a diploma from the dental
college. The printed paper filed with his petition, which

purports to be a diploma, is not signed by any one, or attested by the seal of the university. In the absence of proof showing these facts, we are of the opinion that the trial court did not err in refusing the relief sought.

Judgment affirmed.

CASE 31—INDICTMENT FOR FORGERY AGAINST GRANT BREWER DISMISSED—APRIL 30.