CASE 24.—MANDAMUS BY MOSES N. WEBSTER TO COMPEL
THE STATE BOARD OF HEALTH TO ISSUE TO
HIM A CERTIFICATE TO PRACTICE MEDICINE.—'
October 30.

# Webster v. State Board of Health of Ky.

Appeal from Jefferson Circuit Court; Chancery
Branch (Second Division).

SAMUEL B. KIRBY, Judge.

Judgment of dismissal, plaintiff appeals—Affirmed.

1.  Physicians and Surgeons—Statutes Regulating Practice—Rc
    peal.—The act of 1893 (Laws 1891-92-93, p. 748, c. 179),
    relative to empiricism, which forms a part of Ky. St. 1903,
    c. 85, entitled "Medicine and Surgery," is repealed by Acts
    1904, p. 100, c. 34.
2.  Physicians and Surgeons—Statutes Regulating Practice—Re-
    peal.—Under Acts 1904, p. 100, c. 34, authorizing the board of
    health to admit an applicant to examination for a certificate
    to practice medicine on his presenting a diploma from a
    reputable medicine college, or furnishing evidence that he
    was reputably and honorably engaged in the practice of
    medicine prior to February 23, 1884, one is not entitled to an
    examination for a certificate, unless he has received a diploma
    from a medical college. or unless he was reputably and
    honorably engaged in the pactice of medicine continuously
    from Februaary 23, 1884, until his application for examination.
3.  Physicians and Surgeons — Statutes Regulating Practice —
    Validity.—Acts 1904, p. 100, c. 34, authorizing the State board
    of health to admit to examination for a certificate to practice
    medicine any person of good moral character, possessing a
    diploma from a reputable medical college, or who shows that
    he was reputably and honorably engaged in practicing prior
    to a designated date, is a valid exercise of the police power
    enacted to protect the people of the State from imposition
    by empirics and quacks.

4. Mandamus—Compelling Issuance of Certificate to Physician— Presumptions.—The court in mandamus to compel the State board of health to issue to petitioner a certificate authorizing him to practice medicine cannot, in the absence of any allegation showing that the board acted arbitrarily or unlawfully sought to prevent petitioner from obtaining a certificate, presume against the fairness of the board.

D. C. POINTS for appellant.

We submit that appellant had a right to have his application acted on by the State board of health and upon its failure to act he had a right to the mandamus asked for, and on an adverse decision by the board of health, a right to an appeal to the Governor for a final hearing; and for a denial of these rights he is praying for a reversal of the lower court.

CITATIONS.

Ky. Stats., sec. 2613, subsec. ——; Civil Code, 477; Ky. Stats., 2615; Nelson v. State Board of Health, 22 Ky. Law Rep., 438.

KOHN, BAIRD, SLOSS & KOHN for appellee.

We submit that, properly interpreted, the statute does not entitle one to examination by the board of health, merely because he did practice at some time previous to 1884, where, as far as his petition shows, he has never practiced at any time since. The consideration of the latter question, however, is academic. He has never applied for or passed an examination, and that determines against him the only question presented by this appeal; viz.: whether or not he is at this time entitled to a certificate from the State board of health. (Acts of 1904, chap. 34; Duet v. State of West Virginia, 129 U. S., 114; Ky. Board of Pharmacy v. Cassidy, 115 Ky., 690; Brestow v. Comlth., 93 Ky., 393; Hargin v. Purdy, 93 Ky., 424; State v. McCleary, 109 S. W., 638; State of Missouri v. Davis, 104 Mo., 485; Nelson v. State Board of Health, 108 Ky., 769.)

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

This action was instituted in the Jefferson circuit court for the purpose of obtaining a writ of man-

damus against the State Board of Health requiring. it to issue to the plaintiff, Moses N. Webster, a certificate authorizing him to practice medicine in this State. The allegation in the petition upon which the right to the certificate is based is that "he (plaintiff) is a resident citizen of this State of Kentucky, and a physician and versed in the healing art; that for several years prior to February 23, 1864, he was reputably and honorably engaged in the practice of medicine in the State of Kentucky, practicing his profession in the county of Grant and adjoining counties." The petition then alleges that on the 11th day of April, 1907, the plaintiff made application, in writing, to the State Board of Health for a certificate to practice medicine in this State, and that since that time two regular meetings of the board have passed, but it has taken no action on his application; that he has received information that the board does not intend to consider his application, wherefore he prays for the issuance of a writ to compel it to issue him a certificate which will enable him to practice his profession in the Commonwealth of Kentucky. A general demurrer was interposed to plaintiff's petition, and sustained, and, having failed to amend, his petition was dismissed, from which judgment this appeal is prosecuted.

The plaintiff at the time he filed his petition was evidently under the impression that section 2613, Ky. St. 1903, was still in force, and overlooked the fact that the act of 1893 (Laws 1891-92-93, p. 748, c. 179), relative to empricism, which forms a part of chapter 85, Ky. St. 1903, has been repealed by an act on the same subject, which was approved March 18, 1904, and is found in Acts 1904, p. 100, c. 34. We mention this fact, not that it alters appellant's position with

reference to his right to a certificate to practice
medicine, but simply for the purpose of measuring
the allegations of his petition by the requirements of
the law as it existed at the time his petition was filed.
By the act of 1893 (section 2613, Ky. St. 1903) the
State Board of Health was authorized to issue a
certificate to practice medicine if it had "satisfactory
evidence from the person claiming the same that such
person was reputably and honorably engaged in the
practice of medicine in this State prior to February
twenty-third, one thousand eight hundred and sixty-
four." This act was amended in 1894, and the appli-
cant was required to furnish satisfactory evidence
that he had been honorably and reputably engaged in
the practice of medicine in this State prior to Feb-
ruary 23, 1894, and had passed a satisfactory exami-
nation before the board. By Acts 1904, p. 100, c.
34, above mentioned, no person is permitted to prac-
tice medicine in this State unless he shall first stand
a satisfactory examination by the board in the
branches of medicine as taught in reputable medicinal
colleges; and the board is authorized, upon appli-
cation, to admit to examination any person of good
moral character who may possess either of the fol-
lowing qualifications: "(1) A diploma from a rep-
utable medical college legally chartered under the
laws of this State. (2) A diploma from a reputable
and legally chartered medical college of some other
State in this Union. (3) Satisfactory evidence from
the person claiming the same that such person was
reputably and honorably engaged in the practice of
medicine in this State prior to February 23, 1884.
Applicants may present their credentials by mail or
proxy, and shall receive due notice of the place and
date of examination."

It will be observed that the plaintiff's petition does not bring him within the purview of the law which he invokes. He does not claim to have made application for an examination as to his qualifications to practice medicine; but applies for a certificate without examination. It will be seen, as said before, that no one is entitled to practice medicine without having passed an examination satisfactory to the State Board of Health as to his qualifications. The mere fact that appellant practiced his profession prior to 1864 does not entitle him to a certificate. If the allegation was sufficiently pleaded, which we shall show it is not, the fact that he had practiced medicine prior to the named period of time would only entitle him to an examination, and not to a certificate, unless his examination showed that he was qualified in the opinion of the board to practice his profession. The petition, however, alleges simply that the plaintiff had for several years prior to 1864 practiced medicine in this State, but it does not allege that he has continuously practiced medicine since that time. Over 40 years have passed since 1864, and it is not alleged that during any of that time appellant has practiced his profession. If we take the mere letter of the statute, the allegation would seemingly be sufficient; but the Legislature did not mean that any person who was practicing the profession of medicine prior to 1864, as in the act of 1893, or prior to 1884, as in the present statute, should be entitled to a certificate if he had not been continuously practicing since that time. The object of the statute is to elevate the practice of medicine, and to raise a high standard of proficiency which the applicant must fully measure up to in order to secure a certificate authorizing him to practice his profession. One who had simply prac-

ticed medicine prior to 1864, or prior to 1884, but had not practiced it since, would be in no wise qualified to practice medicine in 1907. Construing the act, then, according to its spirit rather than its letter, in order to authorize the appellant to stand an examination and receive a certificate under the present law, he must either receive a diploma from a reputable medical college legally chartered under the laws of this State or of some other state in this Union, or, in the absence of a diploma, furnish satisfactory evidence that he was reputably and honorably engaged in the practice of medicine in this State continuously from February 23, 1884, until his application is made.

The statute under consideration is a wise and beneficent exercise of the police power of the Commonwealth, enacted for the purpose of protecting the people of the State from imposition by empirics and quacks. It does not seek to prevent any honorable man or woman from practicing the profession of medicine. It only requires that they shall show, by a satisfactory examination before the State Board of Health, that they are qualified. There is no suggestion in the petition that the board is acting arbitrarily, or that it unlawfully seeks to prevent the appellant from obtaining a certificate; and we are not entitled, in the absence of such an allegation, to indulge in any presumption against its fairness. It is the high duty of the board to protect the health and safety of the public by requiring every applicant for a certificate to practice medicine to first show his qualifications. It is not necessary to demonstrate the constitutionality of the act. Such legislation has been uniformly upheld as an exercise of the police power of the State by our own court and other courts throughout the land. Kentucky Board of Pharmacy

v. Cassidy, 115 Ky. 690, 25 Ky. Law Rep. 102, 74 S. W. 730; Driscoll v. Commonwealth, 93 Ky. 393, 14 Ky. Law Rep. 376, 20 S. W. 431; Hargan v. Purdy, 93 Ky. 424, 14 Ky. Law Rep. 383, 20 S. W. 432; Nelson v. State Board of Health, 108 Ky. 769, 22 Ky. Law Rep. 428, 57 S. W. 501, 50 L. R. A. 383; State v. McCleary, 109 S. W. 638, 130 Mo. App. 527; State of Missouri v. Davis, 194 Mo. 485, 92 S. W. 484, 4 L. R. A. (N. S.) 1023; Dent v. State of West Virginia, 129 U. S. 114, 9 Sup. Ct. 231, 32 L. Ed. 623. Judgment affirmed.