## Hodgen v. Commonwealth.

(Decided March 14, 1911.)

Appeal from Jefferson Circuit Court
(Criminal Division).

Dentist—Construction of Statute.—Under section 2643a of the Ken-
tucky Statutes, it is unlawful for a dentist to practice dentistry
under the name of any company, association or corporation, un-
less it has been in business under one name for fifteen years or
more and the dentist has been in its employment under such name
for fifteen years or more.

BENJAMIN F. WASHER, SEDDON & HOLLAND and HARRY
WALLINGFORD for appellant.

KOHN, BAIRD, SLOSS & KOHN, JAS. BREATHITT, Attorney
General, and TOM B. McGREGOR, Assistant Attorney General, for ap-
pellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, a practicing dentist, was fined in the
Jefferson Circuit Court for practicing dentistry in vio-
lation of an act of the General Assembly of 1908, now
section 2643a of the Kentucky Statutes, reading:

"It shall be unlawful for any person or persons to
practice or offer to practice dentistry or dental surgery
under the name of any company, association or corpora-
tion, excepting those who have been in actual business for
fifteen years or more; but, any person or persons prac-
ticing or offering to practice dentistry or dental surgery
shall practice under their own respective name or names.
Each and every person in an office practicing or offering
to practice dentistry or dental surgery shall have his or
her State Board certificate displayed in plain view in
the operating room."

From the agreed statement of facts it appears that
the appellant graduated from a recognized school of
dentistry in 1889, and that he has continuously since
that time practiced his profession. That at the time and
for two years previous to his conviction, he had been in
the service of the National Dental Parlors, a corporation
located in Louisville, Kentucky, and during this time had
practiced dentistry and dental surgery for compensa-
tion as an employe of this concern—not under his own
name but under its name. That the National Dental Par-

lors is a designation adopted by the Union Dental College, a corporation organized under the laws of Missouri, with its chief office at St. Louis, Missouri, and it, the National Dental Parlors, has been engaged in business in Louisville since 1906.

The prosecution was instituted and the conviction had upon the ground that under the statute "it is unlawful tor any person or persons to practice dentistry under the name of any company, association or corporation, except such as have been in actual business in this State for fifteen years or more," and as the National Dental Parlors had only been in business in this State since 1906, the appellant in practicing dentistry under its name violated the statute.

It is the contention of the Commonwealth, and the lower court so ruled, that any person who practiced dentistry or dental surgery for or under the name of any company, association or corporation that had not been in actual business in this State for fifteen years or more, violated the statute, although the dentist so employed and practicing might have been a licensed and authorized dentist for a longer period than fifteen years.

While counsel for appellant insists that under the statute any person who had been authorized for a longer period of time than fifteen years to practice dentistry or dental surgery might do so under the name of any company, association or corporation, although such company, association or corporation might not itself have been in existence for a period of fifteen years.

The statute is not free from ambiguity, and there is something to be said in support of the interpretation given it by each of the opposing counsel; but we are not inclined to adopt either construction. We think the statute should be construed to apply to all persons who practice dentistry or dental surgery under the name of any company, association or corporation, unless they had been so practicing under the name or style of such company, association or corporation for a period of fifteen years or more. Or, to put it in another way, the statute prohibits any person from practicing dentistry or dental surgery under the name or style of any company, association or corporation, unless he had been practicing under the same name and style for fifteen years or more.

The fact that a company, association or corporation may have been engaged in the actual business of den-

tistry or dental surgery for fifteen years or more, or that the dentist had been authorized to practice dentistry for fifteen years or more, will not relieve from violation of the statute the dentist practicing under or in its name, unless he himself had practiced under the identical name for fifteen years or more. This construction of the statute removes the most serious objections urged against it by counsel for appellant, and we do not understand counsel for the Commonwealth as objecting to it, and so we might here conclude the opinion. But, for the purpose of showing that the construction we have given it is the proper one, we will state the reasons that influenced us in coming to the conclusion we have.

At the outset it may be said to be beyond doubt that the Legislature under the police power of the State has authority to control and regulate the practice of dentistry and to prescribe the qualifications of those who engage in its profession. Commonwealth v. Basham, 101 Ky., 170; Kentucky Board of Pharmacy v. Cassidy, 115 Ky., 690; Wilson v. Commonwealth, 119 Ky., 769; Smith v. State Board of Examiners, 113 Ky., 212. That it was also competent for the Legislature to treat the dental profession as a class was fully established in the analogous cases of Driscoll v. Commonwealth, 93 Ky., 393; Kentucky State Board of Pharmacy v. Cassidy, 115 Ky., 690; Commonwealth v. Ward, 136 Ky., 146: Nelson v. State Board of Health, 108 Ky., 769; Smith v. State Board of Dental Examiners, 113 Ky., 212. It also seems clear that in dealing with this subject the Legislature might with much propriety in the legitimate exercise of its authority and without any exception have prohibited persons from practicing dentistry at all under the name of a company, association or corporation. But in saying this, we do not of course mean to hold that dentists may not freely practice under a partnership, company or association name, if it furnishes to the public correct information as to the persons actually engaged in the practice, and the company, association or partnership is composed of the persons who are actually practicing under its name. But we think it would be harmful to the public good to permit dentists to practice under the name of a company, partnership or association that was not composed of the persons who were actually engaged under its name in the practice of dentistry or dental surgery,

and a corporation should not be allowed to engage in the practice of the profession.

But, the act under consideration apparently recognizes the right of dentists under certain conditions to practice under the name of a company, association or corporation, and so however much we might be inclined to question the wisdom of this legislation, we do not feel authorized to declare that the Legislature did not have authority to confer the limited privilege granted by the act. But the exception contained in the act should not be extended by construction. On the contrary, it should be limited as much as a fair interpretation of the act will permit.

Looking again to the act, we find that it prohibits any person from practicing or offering to practice dentistry under the name of any company, association or corporation, excepting those who have been in actual business for fifteen years or more. Who must have been in actual business for fifteen years or more? Does this mean the company, association or corporation, or the person who practices or offers to practice under the name of the company, association or corporation; or, does it mean both? If we say it means that the company, association or corporation must have been engaged in business for fifteen years or more, and confine the time period to it, then it might have in its employment a dentist who had not been practicing more than six months. It might change its dentist, like its directors and officers, every day in the week. The length of time it had been in business would not give any assurance of the character of the men who controlled it or any advice as to the qualifications of the men who practiced in its place of business. The length of time that the corporation or company had existed would furnish no guaranty of integrity on the part of the officers or directors or ability on the part of the operators. This course of dealing would often result in deceiving or misleading the public who might reasonably suppose that a concern that had been in business a number of years was conducted by reputable dentists who had been connected or associated with it during the period of its existence, and were well established in the public confidence, when as a matter of fact the dentists employed by the company or corporation might be both disreputable and incompetent, selected not for their character or accomplishments, but as suitable persons to

assist in its efforts to attract business. As said by the Court of Appeals of New York in Matter of Co-operative Lawyers Company, 198 N. Y., 479, in reference to a corporation organized to practice law:

"The practice of law is not a business open to all, but a personal right limited to a few persons of good moral character, with special qualifications, ascertained and certified after a long course of study, both general and professional, and thorough examination by a State board appointed for the purpose. The right to practice law is in the nature of a franchise from the State conferred only for merit. It cannot be assigned or inherited, but must be earned by hard study and good conduct. It is attested by a certificate of the Supreme Court, and is protected by registration. No one can practice law unless he has taken an oath of office and has become an officer of the court, subject to its discipline, liable to punishment for contempt in violating his duties as such, and to suspension or removal. It is not a lawful business except for members of the bar who have complied with all the conditions required by statute and the rules of the courts. As these conditions cannot be performed by a corporation, it follows that the practice of law is not a lawful business for a corporation to engage in. As it cannot practice law directly it cannot indirectly by employing competent lawyers to practice law for it, as that would be an evasion which the law will not tolerate.  *  *  *  A corporation can neither practice law, nor hire lawyers to carry on the business of practicing law for it, any more than it can practice medicine or dentistry by hiring doctors or dentists to act for it."

On the other hand, if we should say that the time limit applies only to the dentist, then the dentist who has been practicing fifteen years or more may set himself up in business at any time under the name of a company, association or corporation, with the right to select such title for his business as would be best calculated to attract public attention. In other words, a dentist who under his own name and on account of incompetency or unfitness could not obtain any practice, could by engaging in the profession under an assumed name secure patronage. It will thus be seen that either of these constructions would be not only unfair, to the dental profession, but prejudicial to the public good. If, however, prior to the passage of the act the same individual

had been actually engaged in business under the name of a company, association or corporation for fifteen years or more, in that time the name under which he was doing business, as well as his own qualifications would necessarily have become well known to the public. If he was competent and fit, the public would know it; if he was incompetent or unfit, they would have ample time to discover it—in short, the opportunity of the incapable or unsuitable dentist to defraud the public would be reduced to the minimum, while the reputation of the capable dentist would be as securely established as if he were practicing in his own name. In the course of fifteen years, the dentist and the name under which he was operating, whatever it might be, would become so associated in the public mind as to make it a matter of small importance what was the real name of the dentist or the name of the concern under which he was conducting business. The element of personal qualification and personal responsibility would each have their place in a business so conducted, and these factors are of the highest importance in professions that the general public must depend upon for advice and treatment.

This construction will, we think, carry out the legislative intent and remove from the act the objectionable features pointed out by counsel. It will free the profession from the irresponsible and incompetent dentist, or at least compel him to practice in his own name or one he has now practiced under for eighteen years, and will protect the public from the fraud and imposition of deceptive and alluring business names.

It results from these conditions that the judgment of the lower court must be affirmed.