## P., C., C. & St. L. Ry. Co. v. Austin's Admr.

(Decided March 18, 1911.)

### Appeal from Jefferson Circuit Court.
### (Common Pleas Branch, First Division).

New Trial—Bill of Exceptions—Change of Judges—Signing by By-standers—Authenticating.—Sub-section 5 of section 337, Civil Code, provides: "If the judge who presided at the trial does not preside when a motion for a new trial is made, the bill of exceptions may be certified by bystanders, and be controverted and maintained pursuant to the provisions of sub-sections 3 and 4 of this section." Held that if a judge who presided at the trial when the motion for a new trial has been overruled does not preside when the bill of exceptions is tendered, the bill may be made by bystanders, but can not, over the objections of a party, be authenticated by the signature of a judge who did not preside at the trial.

CHAS. H. GIBSON for appellant.

O'DOHERTY & YONTS for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The opinion delivered herein on January 24, 1911, reversing the judgment of the circuit court is withdrawn. (See P. C. C. & St. L R. R. Co. v. Austin's Admr., 142 Ky., 722.)

The controlling question involved on this appeal is the authentication of the bill of exceptions in the record. The regular judge who presided at the trial died before the bill of exceptions was tendered. The bill was tendered in court to his successor. Appellee objected to the signature of the bill. The judge thought the objection went alone to the sufficiency of the bill, as to inccrporating certain instructions. After that matter was settled to the court's satisfaction, the presiding judge signed the bill, appellee saving an exception. When the transcript was brought to this court on appeal, appellee moved to strike the bill of exceptions from the record. That motion was overruled. Appellee persisted in his objection on that score when the case was submitted on its merits. We have concluded upon a re-examination of the question that the motion should prevail.

Subsection 5 of section 337, of the Civil Code provides:

"If the judge who presided at the trial does not preside when a motion for a new trial is overruled, the bill

of exceptions may be certified by bystanders, and be controverted and maintained, pursuant to the provisions of subsections 3 and 4 of this section."

This was construed in Louisville Southern R. R. Co.'s Receiver v. Lewis, 19 Ky. Law Rep., 571, as if the word "is" in the section, supra, was equivalent to the words "has been," so that if the judge who presided at the trial when the motion for new trial has been overruled does not preside when the bill is tendered, the bill of exceptions may be made by bystanders, but cannot, over the objection of a party, be authenticated by the signature of a judge who did not preside at the trial.

Nor was the plaintiff bound to point out the grounds of his objection when he objected. If he saw that his adversary was practicing his case erroneously, he was not bound to call his attention to the error, nor the court's attention, under pain of being estopped by his silence. It was said in Southern, et al, v. Lewis, supra:

"The burden of all proceedings for the purpose of bringing the decision of the trial court to this court for revision was upon appellants. Appellee was not bound to object or except to any irregularity in these proceedings."

And such is the weight of authority on this practice. (1 Am. and Eng. Ency. of Law, 616; 2 Cyc., 1077.)

Nor did the conduct of appellee's counsel amount to a consent for the sitting judge to sign the bill. This court in Vertress v. Head, 138 Ky. 83; Hill v. Mutual Life Ins. Co., 120 Ky. 190, and Walling v. Eggers, 78 S. W., 528, 25 Ky. L. R., 1563, has held that parties by consent may extend the time beyond that fixed in the Code for filing a bill of exceptions, and by parity of reasoning it would follow that by like consent they could have a judge other than the one who presided at the trial, if the latter be dead or unable to certify the bill, to sign it. But it has not been said that an attorney consents to an action by the court which he merely witnesses and holds his peace about, much less than he consents when he in fact objects. Nor is it safe practice to say that unless he states the ground of his objection he will be deemed to have waived it. By objecting he challenges the validity and regularity of the act. If he were required to state a ground for his objection, it would follow also that he must state every ground he has, or waive them; and un-

less the record showed the grounds urged, it would scarcely be competent to enlarge the record on appeal by affidavits (as was attempted here), thereby opening up by a collateral trial a perhaps decisive point in the main appeal. It is believed to be a safer practice to leave the burden of properly preparing the appeal on the appellant, and unless the appellee consents to the practice adopted, or do something to mislead appellant so as to cause him to change his course, constituting an estoppel upon appellee, then appellant will be held to a compliance with the law, or suffer such penalty as follows a failure.

The bill of exceptions is therefore stricken from the record.

Nothing remains but the sufficiency of the pleadings. They support the judgment.

Affirmed.