## L. D. GLEASON *v.* V. H. WHITE, ADMINISTRATOR OF THE ESTATE OF L. L. WHITE, DECEASED.

SETTLEMENT OF PARTNERSHIP AFFAIRS.—When the partnership is dissolved by the death of one of its members, the surviving partner is to wind up the affairs of the partnership, and pay its debts out of the assets, if sufficient, and divide the residue, if any, among those entitled to it.

IDEM.—The relation of debtor and creditor between the surviving partner and the representative of the deceased partner does not arise until the affairs of the partnership are wound up and a balance is struck; and this balance is to be struck after all the partnership affairs are settled, and not while they are being wound up.

CLAIM OF SURVIVING PARTNER AGAINST ESTATE OF DECEASED PARTNER.—If the partnership is indebted to the surviving partner, this debt is a contingent claim against the estate of the deceased partner, which does not become absolute until the partnership affairs are settled, and it is ascertained that there are no partnership assets to pay the same.

IDEM.—The claim of a surviving partner for advances to the partnership shoul not be presented to the administrator of the deceased partner for allowance until the partnership affairs are wound up; and it may be thus presented at any time within ten months after the partnership affairs are settled, and, if rejected, suit may be brought on it at any time within three months after its rejection.

CLAIMS AGAINST ESTATES.—The statute fixing a limitation of ten months for the presentation of claims against an estate does not commence running until a claim becomes absolute.

APPEAL from the District Court, Tenth Judicial District, Colusa County.

The plaintiff and L. L. White were partners, engaged in farming and threshing grain. White died on the 22d day of August, 1864, and on the 13th day of September follow-

ing letters of administration on his estate were issued to the defendant, V. H. White. On the 17th day of September following, the administrator published notice to creditors to present their claims within ten months. On the 11th day of May, 1866, the administrator returned the plaintiff's claim without his allowance indorsed thereon. This action was commenced against the administrator to recover the claim, on the 8th day of January, 1867. The defendant demurred to the complaint, the Court below sustained the demurrer, and the plaintiff declining to amend, judgment was rendered against him. The plaintiff appealed from the judgment.

The other facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellant.

The demurrer claims that the suit was barred because the claim was not presented to the administrator within ten months after the publication of the notice to creditors, and this is said to be the view taken by the Court below. The one hundred and thirtieth section of the Probate Act reads :

" If a claim be not presented within ten months after the first publication of notice it shall be barred forever, *provided*, if it be not then due, or if it be contingent, it may be presented within ten months after it shall become due or absolute."

Surviving partners, by the one hundred and ninety-eighth section, have the right to settle the business of the partnership, and are enjoined to do it without delay and to account with the executor or administrator, and the Court is authorized to compel them to render accounts.

If the demurrer has merit we do not see it—without it is sound law that the account of a surviving partner is a claim which is barred by the first paragraph of the one hundred and thirtieth section if not presented within ten months after the publication of notice to creditors, and is not a

claim coming within the purview of the last clause of that section.

The claim of plaintiff is clearly within this last clause. It is for the balance due after a full settlement of all the affairs of the partnership; a claim neither ascertained nor due or absolute until more than ten months had expired. It was a contingent claim against the estate, *not due,* and as it was presented within ten months after the time it became due and absolute, the proviso of the one hundred and thirtieth section preserved it. (Story on Partnership, 348.)

In 4 Mylne & Craig, 165–72, it was said: "Until the amount of profit and loss be ascertained by winding up the partnership affairs, neither partner has a remedy against a liability to the other for payment from one to the other of what may have been advanced or received."

Judge Story, section two hundred and twenty-one, observes: "That until all the partnership concerns are ascertained and adjusted, it is impossible to know whether a particular partner be a debtor or a creditor of the firm."

In *The Succession of Powell,* 14 La. 425, it was said: "The surviving partner who liquidates the concern is not entitled to a judgment for any apparent balance in his favor until he shows a full and entire settlement of the partnership affairs."

Again: in 2 Scammon, 495, it was declared that "The balance so found must be a balance of all the partnership accounts; balances which are struck preparatory only to a final account are not sufficient to form the subject matter of an action."

The interest of a partner in a firm is the balance found due him after the payment of debts and adjustment of the partnership accounts (Collyer, 124;) and so here, until the final adjustment was made of the affairs of Gleason & White, there was no relation of debtor and creditor. The surviving partner was the trustee of the estate, (5 Metcalf, 582,) and while the estate had a right to demand an account from him and compel the payment of any balance due it on final

settlement—the surviving partner had the same right towards the estate—the balance being the other way.

*W. C. Belcher,* for Respondent.

The action is brought under the one hundred and thirty-fourth section of the Probate Act, to establish a claim against an estate which had been rejected by the administrator. Section one hundred and twenty-eight directs that an administrator shall notify the creditors of his intestate by publication to present their claims to him for allowance, and section one hundred and thirty provides that all claims not presented within ten months after the first publication of the notice, shall *be forever barred,* unless they be either not then due, or contingent, and, if not then due, they may be presented at any time within ten months after maturity; and if contingent, within ten months after they become absolute.

Section one hundred and thirty-five provides that no claim barred by the Statute of Limitations shall be allowed by an administrator. The complaint shows that more than nineteen months, to wit: from September 17th, 1864, to May 9th, 1866, elapsed after the first publication of notice to creditors before the plaintiff presented his claim against the estate to the administrator, and he seeks to avoid the bar of the statute by a simple allegation, that until the 1st of February, 1866, his claim was *contingent.* If the claim was contingent, then it depended upon some event or condition, which might or might not happen or be performed. What was the event or condition? The plaintiff's complaint does not show. This is simply pleading a conclusion of law without stating the facts from which the conclusion follows.

The complaint does show that subsequent to the first publication of notice to creditors, and within the ten months allowed by law for the presentation of claims, and as plaintiff does not state the time, we may presume that it was in the month of September, 1864, there was an accounting between plaintiff and defendant as to the partnership business, and

that defendant then admitted that the sum of one thousand three hundred and forty-five dollars was due to plaintiff from the estate. Why did he not present his claim for that amount for allowance by the administrator within the ten months? If the administrator was satisfied that so much was due, he would without doubt have allowed the claim.

But plaintiff says, " The partnership affairs were not, at the time of said accounting, *fully settled,* but that he was obliged to and did pay debts due from the partnership to their creditors, and it was only on the 1st day of February, 1866, that he could determine how himself and his late partner stood in regard to their business; that at that date, upon as full examination as he could make, plaintiff found that his late partner, *at the time of his decease,* was indebted to him in the sum of one thousand one hundred and seventy-eight dollars and seventy-seven cents." If, at the time of the said accounting, the partnership affairs were not *fully* settled, what remained to be done?

Plaintiff says, " he was obliged to pay and did pay debts due from the partnership to their creditors;" but he does not say when he made such payments, whether before or after such accounting; and if we assume that it was after, we may very properly also assume that it was immediately after, and within the ten months, and that such debts were considered in such accounting. If we assume that plaintiff paid copartnership debts after the accounting between himself and defendant, what debts did he pay, to whom did he pay them, and what was the amount so paid? Did they amount to five dollars or five hundred dollars? And why was it that he could only determine how he and his late partner stood in regard to their business on the 1st day of February, 1866? The complaint fails to show any reason, but simply alleges that " it was only on the 1st day of February, 1866, that he could determine," etc.; and that, at that date, he found " that his late partner, *at the time of his decease,* was indebted to him in the sum of one thousand one hundred and seventy-eight dollars and seventy-seven cents."

By the Court, RHODES J.:

A partnership has an existence separate and distinct from that of the several partners and their respective estates. It has its own assets, debts and credits, and makes and performs its own contracts. The partners manage the concern (in the absence of special provisions to the contrary), collect its dues and pay its debts, for the benefit of the partnership. They do not become liable individually until the partnership makes default. While the partnership subsists, one or more of the partners may be indebted to it, or it may, on the other hand, be indebted to one or more of the partners, but the members of the firm are not the debtors or creditors of each other as partners. When the partnership is dissolved by the death of one of the partners, its assets, debts and credits remain as distinct from those of its late members, until its affairs are wound up, as before the dissolution. The surviving partner is to proceed and wind up the affairs of the partnership, pay its debts out of the assets, if sufficient, and divide the residue, if any, among those entitled to it. (Probate Act, Sec. 198.) When the affairs of the partnership are wound up, and, upon striking a balance, it is found that one partner has drawn out more than he was entitled to, or that another has paid more than his proportion of the debts, if there is a deficiency of assets, then the relation of debtor and creditor between the surviving partner and the representative of the deceased partner arises. There is but one balance between them, as there is only one settlement of the partnership business. There is no such thing as a partial balance as between the partnership and its late members. The surviving partner may from time to time divide between the executor or administrator of the deceased partner and himself, and pay over such sums as he may have on hand which are not needed for the payment of the partnership debts. The Legislature, in directing such payments to be made, have demoninated them " balances," employing the term in a sense different from that which it has in mercan-

tile usage. But, as already remarked, there is only one settlement, one balance of account between the partnership and the partners or their representatives. Until that is struck the surviving partner cannot be said to be either the debtor or creditor of the estate of the deceased partner on account of the partnership dealings, though the surviving partner or the estate of the deceased may be either a debtor or creditor of the partnership while it is being wound up, as they may have been before its dissolution. The liability, therefore, of the estate of the deceased partner to the surviving partner is dependent upon the settlement of the partnership. The surviving partner's claim is contingent, within the meaning of section one hundred and thirty of the Probate Act, until the partnership affairs are settled, and then the claim becomes absolute.

The claim must be presented within ten months after it becomes absolute. It therefore becomes necessary to ascertain whether it is alleged in the complaint that the affairs of the partnership were settled, and if settled, at what time. It is alleged that within ten months after the administrator's notice to creditors the " plaintiff had an accounting with defendant as the representative of his deceased partner, and upon such accounting it was admitted by defendant that the sum of one thousand three hundred and forty-five dollars was then due to said plaintiff from said estate ; and plaintiff alleges that the partnership affairs were not, at the time of said accounting, fully settled," etc. This is an allegation that the partnership affairs were not then settled. The object of the allegation is beyond the reach of any reasonable surmise. It is further alleged that on the 1st day of February, 1866, " upon as full examination as he could make, plaintiff found that his late partner, at the time of his decease, was indebted to him in the sum of one thousand one hundred and seventy-eight dollars and seventy-seven cents, for which amount he, on the 9th day of May, 1866, presented his claim to the defendant, as administrator," etc. It is doubtful whether this is a direct and positive statement

of the fact in question, but it is aided by the further allega-
tion "that the said sum so claimed as due him is after a full
statement of all the affairs of the partnership, that is to say,
after the payment of all debts due by said firm and the col-
lection of all its assets." By a fair construction these allega-
tions amount to an averment of the settlement of the affairs
of the partnership and the time of such settlement. The
statute—the limitation of ten months for the presentation of
claims against the estate—does not commence running until
the claim becomes absolute. The delay in the settlement
may be unreasonable, and if so the administrator has his
remedy, but that matter cannot be litigated in this action.

Judgment reversed and the cause remanded, with direc-
tions to the Court below to overrule the demurrer, with
leave to the defendant to answer.