[Crim. No. 232.   Second Appellate District.—February 8, 1912.]

THE PEOPLE, Respondent, v. NOEL WRIGHT, Appellant.

CRIMINAL LAW—SEDUCTION UNDER PROMISE OF MARRIAGE—ESSENTIALS
OF OFFENSE—SEDUCTION BY MARRIED MAN—IGNORANCE OF MARRIAGE
ESSENTIAL.—Before the crime of seduction as defined by section 268
of the Penal Code is made out, it must appear that the prosecutrix
has relied upon the promise of the accused that he will marry her.
If the accused is a married man, it must appear that he seduced
her under a promise of marriage, she not knowing that he has a wife,
in which case the illegality of his promise does not excuse him; but
if at the time of giving her consent she knew that the man was
married, she is not excused for the surrender of her chastity to him
by reliance upon his illegal promise.

ID.—CONFLICTING EVIDENCE AS TO KNOWLEDGE OF MARRIAGE—PREJUDI-
CIAL ERROR IN REFUSING INSTRUCTION.—Where, upon a prosecution
for seduction, the evidence is conflicting upon the question whether
or not, at the time of the commission of the alleged offense, the
prosecutrix knew that the defendant was a married man, it is prejudi-
cial error, amounting to a miscarriage of justice, to refuse to instruct
the jury that if the prosecutrix knew at such time that the defendant
was married, she was not justified in relying upon his promise to
marry her.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Henry C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

Lewis H. Smith, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy
Attorney General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of
seduction and sentenced to serve a term of imprisonment in
the state penitentiary. He appeals from that judgment and
from an order made by the trial court denying his motion for
a new trial. At the time of the commission of the alleged
offense defendant was a married man and the prosecutrix was
a young woman who had theretofore resided with her father

near Sanger in the county of Fresno. The father of the prosecutrix, before the alleged seduction of his daughter had been accomplished by defendant, received information that defendant was a married man and so informed the daughter. At the trial the young woman testified that notwithstanding the fact that she had been assured by her parent that defendant was a married man and had been forbidden to keep company with him, she had failed to obey the injunction of her father and had later submitted to an act of sexual intercourse with the defendant because the latter assured her that, while he had been previously married, a divorce had been granted to him and that he would marry the prosecutrix on a very early day. Defendant testified that he had always told the prosecutrix that he was married, but that he intended to get a divorce from his wife, whom he claimed had deserted him. It was clear from the evidence that the relations of defendant with the prosecutrix had been illicit, and it was further made clear by the testimony that the defendant, prior to the time when the first improper act was committed between the two, had promised to marry the young woman. On his part it was asserted that this promise was made upon the condition that it would be fulfilled when he secured a divorce from his wife, and upon the part of the prosecutrix it was affirmed by her in testimony that, notwithstanding the reports made to her that defendant was then a married man, she had relied upon his declaration expressed to her that he was not then married but had already been divorced, and that in submitting herself to his embraces she relied upon his promise that he would and could immediately thereafter enter into an engagement of marriage with her. Under this state of the evidence the defendant asked the court to charge the jury that if the prosecutrix knew at the time of her alleged intercourse with defendant that defendant was a married man, she was not justified in relying upon the promise of marriage as an inducement persuading her to submit herself to him. This instruction was offered in several forms, and the trial judge refused to give it in any of those forms, and failed to give any other instruction covering the same matter to the jury. While the court permitted evidence to be introduced on both sides of the question as to whether or not at the time of the alleged seduction the prosecutrix knew defendant to be a

married man, the jury was left wholly without any direction as to the responsibility of defendant to the law as dependent upon the finding that it might make upon that particular question of fact. Before the crime of seduction, as defined by section 268 of the Penal Code, is made out, it must appear that the prosecutrix has relied upon the promise of the accused that he will marry her; if such prosecutrix at the time knows that the promise so made cannot be carried out, as that the accused is a married man, then she is not warranted in relying upon such a representation. As was said in the case of *People* v. *Kehoe,* 123 Cal. 224, [69 Am. St. Rep. 52, 55 Pac. 911]: "Thus, if a married man seduces a woman under promise of marriage, she not knowing that he has a wife, his promise is illegal and invalid, but this fact does not excuse him. The woman, in ignorance of the fact, was justified in relying upon that promise; but if, at the time of giving her consent, she knew the fact to be that the man was married, and that, therefore, the promise was necessarily conditional upon the death or the putting away of his present wife, so base a contract would not excuse her in law for the surrender of her chastity. The contract itself would be void as against public policy, and the woman's reliance upon it could not be extenuated or excused." Under the entire charge as given by the court to the jury in this case, the latter might well assume that the defendant could be properly convicted notwithstanding the fact that the prosecutrix may have known at the time of the alleged seduction that defendant was a married man. By the failure of the court to declare the law as embodied in the instructions offered by the defendant on this subject, there was withdrawn from the jury an issue of fact vital to a determination of the charge against the defendant and which might have, under the testimony, produced a verdict in his favor. Upon this state of the case, it is very clear to us that the error was such as has resulted in a miscarriage of justice.

The judgment and order are reversed.

Allen, P. J., and Shaw, J., concurred.