[Crim. No. 1238. First Appellate District, Division One.—August 1, 1925.]

## THE PEOPLE, Respondent, v. A. SCHOMIG, Appellant.

[1] CONSTITUTIONAL LAW—SPECIAL ACTS—DISCRIMINATORY LEGISLATION—ARBITRARY CLASSIFICATION.—The constitution does not deprive the legislature of power to pass all special acts, but forbids special laws in all cases where a general and uniform law can be made applicable; and in order to declare a law unconstitutional, as being discriminatory, it must appear that it is not founded upon a natural, intrinsic or constitutional distinction, but that it confers particular privileges or imposes peculiar disabilities or burdensome conditions in the exercise of a common right, upon a class arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law.

[2] ID.—CRIMINAL ACTS OF CORPORATIONS—PUNISHMENT—RESPONSIBILITY OF OFFICERS.—A corporation cannot be imprisoned; it can only be fined; but its officers and agents through whose efforts the commission of the criminal act has been accomplished may be held criminally responsible as coprincipals with the corporation,

---

1.   See 5 Cal. Jur. 797; 6 R. C. L. 418.
2.   See 7 Cal. Jur. 86.

and if convicted be subject to the same penalty as other individuals.

[3] REAL ESTATE BROKERS' ACT—UNIFORMITY OF APPLICATION—PUNISHMENT OF CORPORATIONS.—So far as corporations are concerned, the act of the legislature relating to real estate brokers and salesmen (Stats. 1919, p. 1253), has been made as uniform and general in its operation as it was possible to make it, and it is not violative of the constitution by reason of the fact that it prescribes a different penalty for an individual than it does for a corporation.

[4] ID.—ABSENCE OF PENALTIES AS TO COPARTNERSHIPS—CONSTITUTIONAL LAW.—The fact that said act relating to real estate brokers and salesmen prescribes penalties for the punishment of individuals and corporations, but none as to copartnerships, does not affect the constitutionality of said act for the reason that in so far as criminal responsibility is concerned, a partnership is not recognized as a person separate from its component members, in the sense that a corporation is a separate entity, and therefore cannot commit a crime.

[5] ID.—CRIMINAL ACTS BY COPARTNERSHIP—PUNISHMENT OF MEMBERS.—It does not follow from the fact that a copartnership itself as a separate entity may not be punished, that criminal acts committed through the operation thereof may not be made the subject of criminal proceedings, for the delinquent members of the firm are responsible for the acts of the copartnership, and may be proceeded against for criminal offenses committed as copartners.

[6] ID. — ENGAGING IN BUSINESS OF BROKER — CIRCUMSTANTIAL EVIDENCE.—In this prosecution of a defendant on a charge of engaging in the business of a real estate broker and salesman without first procuring a license therefor, the main defense having been that the sale in question was not made by or through defendant, but by another person, who was a licensed real estate broker operating out of defendant's place of business, and the evidence of the prosecution having proved that defendant personally carried on the negotiations for the sale of the property with the vendor and the vendee, that he also personally collected a deposit from the vendee, and subsequently had a settlement with the vendor for bills incurred in making repairs to the property and for expenses incurred in making the sale, which included an item for commissions, and that he gave his personal receipt to the vendor upon payment thereof, the prosecution was properly permitted to show, as one of the circumstances connecting

3. Constitutionality of statute requiring real estate brokers to procure a license, note, 8 **A. L. R.** 424.

5. See 20 Cal. Jur. 680.

defendant with the transaction of sale, that after the sale of the property, defendant collected the first two installments of the purchase price from the vendee.

(1) 36 Cyc., p. 992, n. 91.    (2) 14a C. J., p. 243, n. 16, p. 872, n. 49.    (3) 36 Cyc., p. 1015, n. 68.    (4) 36 Cyc., p. 1015, n. 68. (5) 31 C. J., p. 692, n. 97; 30 Cyc., p. 536, n. 54.    (6) 9 C. J., p. 514, n. 57.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Carl S. Wood for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The defendant A. Schomig was convicted by a jury of violating an act of the legislature relating to real estate brokers and salesmen (Stats. 1919, p. 1252), to wit, engaging in the business of a real estate broker and salesman without first procuring a license therefor, as required by said act. He was sentenced to pay a fine of $200 or suffer a jail sentence, and he has appealed from the judgment.

The constitutionality of the act is attacked upon the ground that its provisions are discriminatory (subds. 2 and 33, sec. 25, art. IV, and sec. 21, art. I, Cal. Const., amendment XIV, U. S. Const.), it being contended that while said act purports to deal with individuals, copartnerships and corporations as a class, it prescribes a different penalty for an individual than it does for a corporation and exempts a copartnership from punishment altogether.

Section 1 of said act provides: "It shall be unlawful for any person, copartnership or corporation to engage in the business, or act in the capacity of a real estate broker, or a real estate salesman within this state without first obtaining a license therefor."

Section 2 of said act, so far as it is material here, reads: "A real estate broker within the meaning of the act is a person, copartnership, or corporation who, for a compensa-

tion, sells, . . . real estate . . . for others as a whole or partial vocation.''

Section 17 of the act provides: ''Any person or corporation acting as real estate broker or real estate salesman within the meaning of this act without a license as herein provided shall, upon conviction thereof, if a person, be punished by a fine of not to exceed two thousand dollars, or by imprisonment in the county jail or state prison for a term not to exceed two years, or by both such fine and imprisonment, in the discretion of the court; or if a corporation, be punished by a fine of not to exceed five thousand dollars.''

[1] The constitution does not deprive the legislature of power to pass all special acts; but forbids special laws in all cases where a general and uniform law can be made applicable (*Argyle Dredging Co.* v. *Chambers*, 40 Cal. App. 332 [181 Pac. 84]), and in order to declare a law unconstitutional, as being discriminatory, it must appear that it is not founded upon a natural, intrinsic or constitutional distinction, but that it confers particular privileges or imposes peculiar disabilities or burdensome conditions in the exercise of a common right, upon a class arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law (*Pasadena* v. *Stimson*, 91 Cal. 238 [27 Pac. 604]; *Bloss* v. *Lewis*, 109 Cal. 493 [41 Pac. 1081]). [2] It is manifest that a corporation cannot be imprisoned; it can only be fined; but its officers and agents through whose efforts the commission of the criminal act has been accomplished may be held criminally responsible as coprincipals with the corporation (Pen. Code, sec. 31; *State* v. *Ice & Fuel Co.*, 166 N. C. 366 [Ann. Cas. 1916C, 456, 52 L. R. A. (N. S.) 216, 81 S. E. 737]), and if convicted be subject to the same penalty as other individuals. [3] It would therefore appear that so far as corporations are concerned the law has been made as uniform and general in its operation as it was possible to make it, and consequently is not violative of the constitution in the manner complained of.

[4] In reference to copartnerships it will be noted that penalties are prescribed by the act for the punishment of individuals and corporations, but none as to copartnerships. We are of the opinion, however, that this omission does not

affect the constitutionality of said act for the reason that in so far as criminal responsibility is concerned, a partnership is not recognized as a person separate from its component members in the sense that a corporation is a separate entity (*People* v. *Maljan,* 34 Cal. App. 384 [167 Pac. 547]), and therefore cannot commit a crime. California Jurisprudence (vol. 20, p. 680) states the rule in the following language: "In most respects a partnership is but a relation, with no legal being as distinct from the members who comprise it. It is not a person, either natural or artificial. Thus a partnership, as such, cannot be guilty of crime, but guilt attaches to the delinquent member or members" (citing *People* v. *Maljan, supra,* and other cases). True, it has been held that a partnership may be regarded as a separate entity for some purposes (*Furlow P. B. Co.* v. *Balboa L. & W. Co.,* 186 Cal. 754 [200 Pac. 625]; *Modesto Bank* v. *Owens,* 121 Cal. 223 [53 Pac. 552]; *Gleason* v. *White,* 34 Cal. 258; *John Bollman Co.* v. *S. Bachman & Co.,* 16 Cal. App. 589 [117 Pac. 690, 122 Pac. 835]), but those purposes are entirely dissociated with the question of responsibility for the commission of criminal acts; and our attention has not been called to any case wherein a corporation has been treated as a "person" and thus subjected to punishment for committing a criminal act. Moreover, the Penal Code of this state declares that the word "person" shall include corporations as well as natural persons (Pen. Code, sec. 7), but no mention is made of copartnerships. [5] It does not follow, though, from the fact that the copartnership itself as a separate entity may not be punished, that criminal acts committed through the operation thereof may not be made the subject of criminal prosecutions, for it is well settled that the delinquent members of the firm are responsible for the acts of the copartnership, and may be proceeded against for criminal offenses committed as copartners (31 Cor. Jur., p. 692; 31 Cyc. 535; 20 R. C. L., p. 919).

[6] It is further contended that the trial court erred in admitting in evidence, over appellant's objection, a certain receipt, in appellant's handwriting, showing that after the sale of the property, appellant collected the first two installments of the purchase price from the vendee. Appellant urges that the duty of a real estate broker ends when he has procured a buyer ready, able and willing to make the

purchase, and that, consequently, in thereafter collecting said installments appellant was not acting in the capacity of a real estate broker or salesman.

The main defense of appellant to the charge was that the sale was not made by or through him, but by a Mrs. Wasnick, who was a licensed real estate broker operating out of appellant's place of business; that, although he collected the commission of $190 from the vendor, he afterward paid it to Mrs. Wasnick and retained no part of it for himself. The evidence of the prosecution proved, however, that appellant personally carried on the negotiations for the sale of the property with the vendor and the vendee; that he also personally collected a deposit of $150 from the vendee, and subsequently had a settlement with the vendor for bills incurred in making repairs to the property and for expenses incurred in making the sale, which included an item of $190 for commissions, and that he gave his personal receipt to the vendor upon payment thereof. It was therefore permissible, we think, for the prosecution to show, as one of the circumstances connecting appellant with the transaction of sale, a continuation of his activities in relation thereto.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 28, 1925.