[Crim. No. 1418.  First Appellate District, Division One.—July 1, 1927.]

In the Matter of the Application of LAWRENCE CULVER for a Writ of Habeas Corpus.

Ernest B. D. Spagnoli for Petitioner.

No appearance for Respondent.

KNIGHT, J.—The petitioner herein, Lawrence Culver, is a prisoner confined in the state prison, and has applied for a writ of *habeas corpus.*

It appears from his petition that he was charged in the superior court in and for Los Angeles County, in two informations, with seven distinct felonies, consisting of lewd and lascivious acts with a child under fourteen years of age, sex perversion, and the infamous crime against nature; that pursuant to section 954 of the Penal Code the trial court ordered the informations consolidated, and upon trial before a jury he was found guilty on all seven charges, and sentenced accordingly.

Said section 954 provides, among other things, that one information "may" charge two or more different offenses of

the same class of crimes under separate counts; also that if two or more informations are filed in such cases the court "may" order them to be consolidated. Petitioner contends that since the power conferred upon the district attorney and the court respectively by the foregoing section is a discretionary one, which may or may not be exercised in all cases, said section "is contrary to the inhibitions contained in the 'due process of law' and 'equal protection of law' clauses of the state and federal constitutions."

It is well settled, however, that a law is not to be held unconstitutional merely because it vests in certain officers an authority which might be arbitrarily or unfairly exercised, for the reason that it is not to be assumed that such officers will act in such manner or otherwise than in pursuance of sound discretion. (*In re Holmes*, 187 Cal. 640 [203 Pac. 398]; *In re Flaherty*, 105 Cal. 558 [27 L. R. A. 529, 38 Pac. 981].) Moreover, the constitution demands that general and uniform laws be enacted only where they can be made applicable (*Argyle Dredging Co.* v. *Chambers*, 40 Cal. App. 332 [181 Pac. 84]), and in order to declare a law unconstitutional as being discriminatory, it must appear that it is not founded upon a natural, intrinsic, or constitutional distinction. (*Pasadena* v. *Stimson*, 91 Cal. 238 [27 Pac. 604]; *People* v. *Schomig*, 74 Cal. App. 109 [239 Pac. 413].)

It requires no discussion, we think, to prove that it would be quite impossible in the orderly administration of the criminal law to require that in every case all criminal charges which might be brought against a person be inserted in one accusation, or that if there were two or more accusations, they be tried together. The effect of a law establishing such procedure would obviously operate injuriously and prejudicially against the prosecution and defense alike. On the other hand, the interests of justice require that in many cases such course be followed. It would therefore seem that the procedure prescribed in the present law is the only feasible and practical one which could be adopted.

Petitioner further contends that different offenses, not of the same class, were charged in one information; that the two informations charged different offenses not of the same class; that the minutes of the trial fail to show that

the verdicts were read to the jury or that inquiry was made as to whether or not the same were their verdicts; that the minutes also fail to show that before judgment of sentence was pronounced the court inquired whether or not petitioner had any legal cause to show why judgment should not be pronounced.

It is apparent that the points thus made relate to irregularities occurring prior to and at the time of conviction, and it has been repeatedly held that after conviction a defendant cannot secure his release on *habeas corpus* upon irregularities which should have been taken advantage of by an appeal. (13 Cal. Jur., p. 218, note 15.)

The application is denied.

Tyler, P. J., and Cashin, J., concurred.