# Richmond

## LEONARD H. WOOD V. COMMONWEALTH OF VIRGINIA.

November 17, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Charles A. Hammer,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

Leonard H. Wood, the petitioner, at the April term, 1931, of the Circuit Court of Rockingham county, Virginia, was adjudged guilty of a felony and sentenced to serve two and one-half years in the penitentiary. The crime for which he was indicted was that of unlawfully and feloniously seducing, under promise of marriage, Dorothy Short, an unmarried female, of previous chaste character.

The verdict of the jury and the judgment of the court was in accordance with the above statement. The petitioner alleges error in the action of the trial court in overruling his motion to set aside the verdict as contrary to the law and the evidence and in its refusal to allow him to show that the prosecutrix was a colored person, whose

marriage with him was forbidden by statute, and therefore the promise of marriage, if such there was, being prohibited by law, the contract was rendered illegal and void and in contravention of the policy of this State.

It is only necessary to dwell upon the latter alleged error.

Section 67 of the Code of 1930 is, in part, as follows: "Every person in whom there is ascertainable any negro blood shall be deemed and taken to be a colored person * * *."

Section 5099-a, paragraph 5, provides: "It shall hereafter be unlawful for any white person in this State to marry any save a white person * * *."

Section 4546: "If any white person intermarry with a colored person, or any colored person intermarry with a white person, he shall be confined in the penitentiary not less than two nor more than five years."

Thus, that the preservation of racial integrity is the unquestioned policy of this State, and that it is sound and wholesome, cannot be gainsaid.

■ The prosecutrix, Dorothy Short, was asked by counsel for the accused who her grandfather was on her mother's side. The court was told that the purpose of this question was to elicit from the witness the information that the ancestor whose identity was sought was one William Campbell, a negro, and that the witness, if permitted to answer, would have so testified. The court sustained the objection of the attorney for the Commonwealth to the question, holding it inadmissible.

It is manifest that the accused was not aware, at the time of the commission of the alleged offense, of the ancestry of the prosecutrix; therefore, if he were guilty of the charge, his moral turpitude would not be less because there was a legal inhibition of the marriage between them.

We have found no precedent precisely applicable to the case in judgment, but we think it is closely analogous, in

principle, to those cases which involve the charge of the crime of seduction, under promise of marriage, by a man who was married at the time of the commission of the offense.

It was said in the case of *People* v. *Wright,* 18 Cal. App. 171, 122 Pac. 835, 836, quoting from the case of *People* v. *Kehoe,* 123 Cal. 224, 55 Pac. 911, 69 Am. St. Rep. 52: "Thus, if a married man seduces a woman under promise of marriage, she not knowing that he has a wife, his promise is illegal and invalid, but this fact does not excuse him. The woman, in ignorance of the fact, was justified in relying upon that promise; * * *."

In the case of *Callahan* v. *The State,* 63 Ind. 198, 30 Am. Rep. 211, it was said: "We can very well understand that, if the man making the promise was a married man, living with his wife, and the woman who claimed to have been seduced knew that fact, the case could not come within the statute; because, in such case, the sexual intercourse could not, with any propriety, be said to have been had under, or by means of, the promise of marriage. In such case the promise of marriage, which the woman must know could not be fulfilled, could be no inducement to her consent to the intercourse."

Applying the principles enunciated in the above cases to the case in judgment, we conclude that the question of whether or not the prosecutrix knew, at the time of the alleged seduction, of the taint in her lineage, is of the very essence of the matter here.

The accused contends that she was charged with notice of the fact that her grandfather on her mother's side was a colored man. One is presumed to know the law, but there is no such presumption as to the knowledge of a fact. Indeed, in this case, the natural and humane resolve of the mother of the prosecutrix would be to withhold from her the knowledge of what could only humiliate and distress her, in view of the fact that the evidence amply justifies the conclusion that she was re-

 967

ceived and accepted socially by white persons as one of them.

 The trial court erred in refusing to allow the accused to show that the prosecutrix was a colored person, but it was incumbent upon him to show that she had knowledge of the fact at the time of the alleged seduction.

The case will be reversed and remanded for a new trial to be had in accordance with the views herein expressed.

*Reversed and remanded.*