[Crim. No. 155. Fourth Appellate District.—August 10, 1933.]

THE PEOPLE, Respondent, v. CHARLES SIVIN, Appellant.

Louis C. Levy and George De Wolf for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was convicted of the crime of forgery and has appealed from the judgment upon the sole ground that section 473 of the Penal Code is unconstitutional. It is argued that a corporation is a person within the meaning of section 470 of the Penal Code; that no punishment is provided for a corporation by section 473; that this constitutes an arbitrary discrimination between individuals and corporations; and that section 473 is therefore void and the judgment must be reversed.

■ It is well settled that a reasonable classification is permitted if the same be based upon a natural, intrinsic or constitutional distinction. As was pointed out in *People* v. *Schomig*, 74 Cal. App. 109 [239 Pac. 413, 414]:

"The Constitution does not deprive the legislature of power to pass all special acts; but forbids special laws in all cases where a general and uniform law can be made applicable (*Argyle Dredging Co.* v. *Chambers*, 40 Cal. App. 332 [181 Pac. 84]), and in order to declare a law unconstitutional, as being discriminatory, it must appear that it is not founded upon a natural, intrinsic or constitutional distinction, but that it confers particular privileges or imposes peculiar disabilities or burdensome conditions in the exercise of a common right, upon a class arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law."

In *Martin* v. *Superior Court*, 194 Cal. 93 [227 Pac. 762, 765], the court said:

"It is conceded, as indeed it must be, that where a classification of persons or things is distinctive and such distinction is based upon some 'constitutional, or natural, or intrinsic distinction', laws may be made applicable to such class alone, providing that the act is uniform as to all persons or things within such class."

■ Without discussing the question as to whether a corporation could commit this particular crime, it is apparent that a general and uniform law, in the sense contended for by the appellant, cannot be made applicable in fixing the punishment for crimes of such a nature that any penalty short of imprisonment is entirely inadequate. If no distinction could be made between a corporation and an individual, it would logically follow that there could be no pun-

ishment by confinement since a corporation cannot be imprisoned. For this reason, if for no other, a corporation cannot stand in precisely the same relation as an individual to the subject of the law here in question, and this fact alone constitutes a natural, intrinsic and constitutional basis for the distinction here complained of.

In *People* v. *Schomig, supra,* it was held that a statute fixing a penalty for the violation of another act by a corporation other than that provided for an individual committing the same offense, was not violative of the Constitution as discriminatory. The principle is the same whether applied to a difference in the punishment provided or to the entire omission of any punishment for a corporation.

No arbitrary discrimination appears in the provisions of the code section complained of and the theory advanced by the appellant is without merit.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 6, 1933.